# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. FRANKLIN,<br>CDC #E-66269,<br><br>       Plaintiff,<br><br>vs.<br><br>L.E. SCRIBNER, et al.,<br><br>       Defendants. | Civil No.  07-0438 BTM (LSP)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2-1];**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE [Doc. No. 3-1]; AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT** |

  Plaintiff, Gregory Franklin, a state prisoner currently incarcerated at Calipatria State Prison ("Calipatria") in Calipatria, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP")

---

[1] The proceedings were assigned to this Court, but all post-service matters have been referred to Magistrate Judge Leo S. Papas by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636. *See Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001).

pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], as well as a Motion for Temporary Restraining Order [Doc. No. 3].

**I.     Motion to Proceed IFP [Doc. No. 2]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit sufficient to show that he has no funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Therefore, the Court

**GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the Court finds that Plaintiff's retaliation and equal protection claims survive the sua sponte screening required by 28 U.S.C. § 1915(e)(2), and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all

duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

However, the Court dismisses Plaintiff's property claims for failing to state a claim upon which relief can be granted. In his Complaint, Plaintiff alleges that his due process rights were violated when prison officials removed some of his property from his cell.[2] To the extent that Plaintiff wishes to bring a claim relating to the negligent or unauthorized deprivation of his property, such a claim will not state a federal cause of action under § 1983 if the plaintiff has an adequate post-deprivation state remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, Plaintiff has an adequate state post-deprivation remedy and his claims relating to the taking of his property are not cognizable in this § 1983 action, and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

### III.     Plaintiff's Motion for Temporary Restraining Order ("TRO") [Doc. No. 3]

Plaintiff also filed a Motion for TRO [Doc. No. 3], along with several exhibits in support of his motion for a TRO.

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted "only if (1) it clearly appears from the specific facts shown ... that immediate and irreparable injury, loss, or damage will result to the applicant

---

[2] While Plaintiff's Complaint is not entirely clear, he does appear to allege that his property was removed on some occasions in response to administrative grievances he has filed. The Court liberally construes these claims as retaliation claims and finds that these factual allegations may state a claim upon which § 1983 relief may be granted. However, some of Plaintiff's claims regarding the removal of his property appear to occur prior to the filing of any administrative grievance. In order to state a retaliation claim, one element Plaintiff must be able to show is he was retaliated against for exercising his constitutional rights. *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). Thus, the Court dismisses the claims relating to lost property that occurred prior to Plaintiff alleging that he was retaliated against for exercising his constitutional rights during the administrative grievance process.

before the adverse party or that party's attorney can be heard in opposition." FED.R.CIV.P. 65(b). A party seeking a TRO must satisfy the same test required for the issuance of a preliminary injunction. *See Bronco Wine Co. v. U.S. Dept. of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996); *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1322 (N.D. Cal. 1995).

In order to obtain a preliminary injunction the movant must demonstrate "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Beardslee v. Woodford,* 395 F.3d 1064, 1067 (9th Cir. 2005) (citing *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995)) (internal quotation marks and citation omitted). Alternatively, injunctive relief could be granted if the movant "demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" *Id.* (citation omitted). "These two alternatives represent 'extremes of a single continuum,' rather than two separate tests." *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before the court. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *Lathrop v. Unidentified, Wrecked & Abandoned Vessel*, 817 F. Supp. 953, 961 (M.D. Fl. 1993); *Kandlbinder v. Reagan*, 713 F. Supp. 337, 339 (W.D. Mo. 1989); *Suster v. Marshall*, 952 F. Supp. 693, 701 (N.D. Ohio 1996); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"); 18 U.S.C. § 3626(a)(2) ("In any civil action with

respect to prison conditions, ... [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.").

Under Federal Rule of Civil Procedure 65(d), an injunction binds only "the parties to the action, their officers, agents, servants, employees, and attorneys, and ... those persons in active concert or participation with them who receive actual notice of the order."  The district court must, therefore, tailor the injunction to affect only those persons over which it has power. *See Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 481 (1978); *see also* 11A Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 2941 (2d ed. 1995).  At this time, Plaintiff has not effected proper service on any of the named Defendants.

Moreover, even if this Court had personal jurisdiction over the Defendants Plaintiff seeks to enjoin, he has failed to establish either an imminent irreparable injury, or the likelihood of success on the merits. *See Beardslee*, 395 F.3d at 1067.  First, while Plaintiff claims to have suffered injuries as a result of actions taken by prison officials in 2005, the threat of injury required to justify extraordinary injunctive relief must be imminent and not merely speculative. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988).  In addition, where a temporary restraining order is sought against actions by a governmental actor or agency which has allegedly violated the law in the *past*, as is the case here, Plaintiff must establish that the threat of future or repeated injury is both "real and immediate," not just "conjectural" or "hypothetical."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  This he has not done.

Thus, for all these reasons, the Court must **DENY** without prejudice Plaintiff's Motion for Temporary Restraining Order [Doc. No. 3] pursuant to FED.R.CIV.P. 65(b).  However, the Court will permit Plaintiff to file a Motion for Preliminary Injunction once all named Defendants have been served with the Complaint and appeared in this action.

**IV.     Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for TRO [Doc. No. 3] is **DENIED** without prejudice;

2.      Plaintiff's non-retaliatory property claims are **DISMISSED** without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2);

3.      Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

4.      The Clerk shall issue the summons, provide Plaintiff with a certified copy of both this Order and his Complaint, and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant named in his Complaint.  Plaintiff shall complete the Form 285s and forward them to the United States Marshal.  The U.S. Marshal shall then serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on each U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

5.      Defendants are thereafter **ORDERED** to reply to the Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

6.      Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service.

Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

7.   If Plaintiff wishes to amend his Complaint to correct any deficiencies in pleading identified by the Court in this Order, he may file a First Amended Complaint thirty (30) days after Defendants have appeared in this action.

**IT IS SO ORDERED.**

DATED:  May 21, 2007

_____
Hon. Barry Ted Moskowitz
United States District Judge