1

2

3

4

5

6               **UNITED STATES DISTRICT COURT**

7               **SOUTHERN DISTRICT OF CALIFORNIA**

8

9   GREGORY FRANKLIN,                               CASE NO. 07cv438 BTM (LSP)

10                              Plaintiff,           **ORDER RE:**

11      vs.                                          **(1) PLAINTIFF'S MOTION FOR
                                                     LEAVE TO FILE AN AMENDED**
12                                                   **COMPLAINT [Doc. #41]**

13   L.E. SCRIBNER, et al.,                          **and**

14                              Defendants.          **(2) DEFENDANT'S PENDING
                                                     MOTION TO DISMISS [Doc. #37]**
15

16          On March 8, 2007, Plaintiff, a California state prisoner proceeding pro se, filed a

17   complaint under 42 U.S.C. § 1983.  On August 14, 2007, Defendants filed a motion to

18   dismiss the complaint on a number of grounds.  The motion was calendared for hearing on

19   October 12, 2007. On August 29, 2007, Plaintiff filed an ex parte "Request to Amend Petition

20   to Correct Deficiencies."  In his filing, Plaintiff indicates that Defendant's motion to dismiss

21   identified a number of deficiencies in his original complaint that were unintentional and he

22   requests leave to file an amended complaint.  Plaintiff's proposed amended complaint is

23   attached as Exhibit B to his "request."  The Court deems Plaintiff's filing a motion for leave

24   to file an amended complaint.

25          Federal Rule of Civil Procedure 15(a) requires that leave to amend a complaint be

26   "freely given when justice so requires." See Morongo Band of Mission Indians v. Rose, 893

27   F.2d 1074, 1079 (9th Cir. 1990) (Rule 15(a) amendment policy "is to be applied with extreme

28   liberality").  However, the Court notes that, beyond amendment by leave of the court, Rule

                                                1                                     07cv438

1  15(a) allows a party to amend its pleading "once as a matter of course at any time before a

2  responsive pleading is served."  In this case, Defendants have not yet filed an answer to

3  Plaintiff's original complaint.  Rather, they filed a motion to dismiss under Federal Rule of

4  Civil Procedure 12(b).  A motion to dismiss, however, is not a "responsive pleading" within

5  the meaning of Rule 15(a).  See Breier v. Northern Cal. Bowling Proprietors' Ass'n, 316 F.2d

6  787, 789 (9th Cir. 1963).  Therefore, Plaintiff is permitted to amend his complaint as a matter

7  of course at this juncture.  Accordingly, Plaintiff's amended complaint, which is attached as

8  Exhibit B to Plaintiff's present motion, shall be re-filed by the Clerk as a "First Amended

9  Complaint."

10      In addition, in light of the fact that Plaintiff's operative pleading has now been

11  replaced, the Court hereby requests that Defendants file a notice, within 15 days of entry of

12  this order, indicating whether they wish to proceed with their previously filed motion to

13  dismiss, or whether they wish to withdraw it and file a new response to Plaintiff's amended

14  complaint.

15      If Defendants indicate that they intend to proceed with their previously filed motion,

16  the hearing on Defendants' motion will remain calendared for October 12, 2007.  Plaintiff

17  must be prepared to file any opposition to the motion by September 28, 2007, in accordance

18  with CivLR 7.1(e)(2).

19      If, however, Defendants withdraw their pending motion to dismiss, they will be

20  required to file a response to Plaintiff's amended complaint within 30 days of entry of this

21  order. Any withdrawal by Defendants of their pending motion will be without prejudice to their

22  ability to file a renewed motion to dismiss.

23

24  **IT IS SO ORDERED.**

25

26  DATED:  September 4, 2007

27      _____
        Honorable Barry Ted Moskowitz
28      United States District Judge