1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. FRANKLIN,<br>CDCR #E-66269,<br><br>                                    Plaintiff,<br><br>                    vs.<br><br>L.E. SCRIBNER, D.W. BELL, G.J.<br>GIURBINO, R. MADDEN, T. OCHOA,<br>M.E. BOURLAND, E. TRUJILLO,<br>HALEY, R. NELSON, ORTIZ, VARGAS,<br>and GREENWOOD,<br><br>                                    Defendants. | Civil No.    07-0438 BTM (LSP)<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER<br>WITHOUT PREJUDICE<br>[Doc. No.  39-1]** |

## I.     Procedural History

Plaintiff, Gregory Franklin, a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, initially filed a Complaint pursuant to 42 U.S.C. § 1983 on March 8, 2007 [Doc. No. 1].  On May 21, 2007, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and directed the U.S. Marshal to effect service of Plaintiff's Complaint pursuant to FED.R.CIV.P. 4(c)(2).  *See* May 21, 2007 Order at 6-7.  In addition, the Court denied Plaintiff's "Motion for Temporary Restraining Order" because Plaintiff was unable to establish "either an imminent irreparable injury, or the likelihood of success on the merits."  *Id.* at 6.  However, the Court permitted Plaintiff leave to

1  file a Motion for Preliminary Injunction once all named Defendants had been served with the

2  Complaint.  *Id.*

3  **III.     Plaintiff's Motion for Temporary Restraining Order ("TRO") [Doc. No. 39]**

4         Plaintiff has filed a request for "Amended Temporary Restraining Order and Preliminary

5  Hearing." [Doc. No. 39-1].

6         Rule 65 of the Federal Rules of Civil Procedure provides that:

7          A temporary restraining order may be granted without written or oral notice to the
       adverse party or that party's attorney only if (1) it clearly appears from specific
8      facts shown by affidavit or by the verified complaint that immediate and
       irreparable injury, loss, or damage will result to the applicant before the adverse
9      party or that party's attorney can be heard in opposition, and (2) the applicant's
       attorney certifies to the court in writing the efforts, is any, which have been made
10     to give the notice and the reasons supporting the claim that notice should not be
       required.

11

12  FED.R.CIV.P. 65(b).

13         First, the Court notes that Plaintiff has not submitted a sworn affidavit or declaration

14  certifying that any efforts have been made to give notice of his Motion to any named Defendant,

15  which is required by Federal Rule of Civil Procedure 65(b).  As noted above, under Federal Rule

16  of Civil Procedure 65(b), a TRO may be granted without notice to the adverse party or that

17  party's attorney *only* if "it clearly appears from specific facts shown by affidavit or by the

18  verified complaint that immediate and irreparable injury, loss, or damage will result to the

19  applicant before the adverse party or that party's attorney can be heard in opposition."

20  FED.R.CIV.P. 65(b).  Federal Rule of Civil Procedure 65(b) also requires the Plaintiff to certify

21  to the Court "the efforts, if any, which have been made to give the notice and the reasons

22  supporting the claim that notice should not be required."  *Id.*

23         Plaintiff's Motion for TRO does not comply with this elemental procedural requirement

24  of Federal Rule of Civil Procedure 65(b).  Moreover, Plaintiff has failed to show the likelihood

25  of success on the merits required to justify extraordinary injunctive relief.  *Caribbean Marine*

26  *Services Co. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988).  The Ninth Circuit recognizes

27  two tests for determining whether a district court should grant a preliminary injunction.  Under

28  the traditional standard, a plaintiff must show: (1) a strong likelihood of success on the merits;

(2) a possibility of irreparable injury should the injunction not be granted; (3) that the balance of hardships tips in his or her favor; and in some cases (4) that an injunction advances the public interest.  *See Save Our Sonoran, Inc. v. Flowers*, 381 F.3d 905, 911-12 (2004) (citing *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir.1995)).  Alternatively, the plaintiff may show "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor."  *Id.*

In his motion, Plaintiff claims that he was denied due process when he was charged with a rules violation and he has been denied yard access seventy five (75) times from March, 2007 to August, 2007.  Plaintiff asks this Court to issue a preliminary injunction as the "retaliatory actions against him will escalate."  Pl.'s Mot. at 6-7.

With regard to the sporadic deprivation of outdoor exercise, Plaintiff has not alleged sufficient facts to indicate that he would suffer imminent irreparable injury.   "Whatever rights one may lose at the prison gates, ... the full protections of the eighth amendment most certainly remain in force.  The whole point of the amendment is to protect persons convicted of crimes."  *Spain v. Procunier*, 600 F.2d 189, 193-94 (9th Cir. 1979) (citation omitted).  The Eighth Amendment, however, is not a basis for broad prison reform.  It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable.  *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1981).

Plaintiff claims that he was denied outdoor exercise seventy five (75) times over a five to six month time period.  The Court finds that these allegations alone do not adequately demonstrate that he would suffer imminent irreparable injury that would allow this Court to grant relief before Defendants can be heard. Moreover, Plaintiff's claims that his disciplinary hearing following a rules violation report was a retaliatory act is more speculative at this stage of the proceedings.  Plaintiff simply does not  adequately allege the threat of an injury that is required to justify extraordinary injunctive relief.  *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988).

////

1    **III.     Conclusion and Order**

2            Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion for Temporary

3    Restraining Order and Preliminary Injunction pursuant to FED.R.CIV.P. 65 [Doc. No. 39-1].

4            **IT IS SO ORDERED.**

5    DATED:  September 17, 2007

6

7                                                    Honorable Barry Ted Moskowitz
                                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28