# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. FRANKLIN, CDCR# E-66269,<br><br>Plaintiff,<br><br>vs.<br><br>L.E. SCRIBNER; D.W. BELL; G.J. GIURBINO; R. MADDEN; T. OCHOA; M.E. BOURLAND; E. TRUJILLO; HALEY; R. NELSON Jr; ORTIZ; VARGAS; M. GREENWOOD; ROBERT BASS; P. ZILLS, et al.<br><br>Defendants. | Civil No.   07-0438 BTM (LSP)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**[Doc. Nos . 85, 93]** |

## I. Procedural Background

On March 8, 2007, Gregory A. Franklin ("Plaintiff"), a state prisoner currently incarcerated Calipatria State Prison, proceeding pro se and *in forma pauperis* ("IFP"), filed a Complaint pursuant to 28 U.S.C. § 1983. Defendants Ochoa, Trujillo, Haley, Nelson, Ortiz, Vargas, Scribner, Bell and Madden filed a Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b).[1] Instead of filing an Opposition Plaintiff sought and received leave of Court

---

[1] While this matter was referred to Magistrate Judge Leo S. Papas, for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. CAL. CIVLR 72.3, the Court has determined that a Report and Recommendation regarding Defendants' Motion to Dismiss is unnecessary. *See* S.D. CAL. CIVLR

1 to file a First Amended Complaint. Plaintiff filed his First Amended Complaint ("FAC") on 2 September 4, 2007. Defendants Bell, Haley, Madden, Ochoa, Ortiz, Nelson, Scribner, Trujillo, 3 Vargas, Zills and Bass filed a second Motion to Dismiss Plaintiff's First Amended Complaint. 4 On March 5, 2008, the Court granted Defendants Motion to Dismiss Plaintiff's First Amended 5 Complaint. At the time the Court ruled on Defendants' Motion, Plaintiff had not properly served 6 Defendants Bourland, Giurbino or Greenwood.

7 Plaintiff filed his Second Amended Complaint ("SAC") on June 27, 2008 [Doc. No. 82]. 8 In his Second Amended Complaint, Plaintiff added four new Defendants. These Defendants are 9 Arias, Davis, Hopper and Maciel but a review of the Court's docket indicates that they have not 10 been served or appeared in this action. Defendants Ochoa, Bass, Zills, Trujillo, Haley, Nelson, 11 Ortiz, Vargas, Scribner, Bell and Madden filed a Motion to Dismiss Plaintiff's Second Amended 12 Complaint on July 15, 2008 [Doc. No. 85]. In the meantime, the Court granted Plaintiff two 13 extensions of time to serve Defendants Giurbino, Bourland and Greenwood. *See* July 10, 2008 14 Order at 2; *see also* Sept. 19, 2008 Order at 3. Defendants Giurbino, Bourland and Greenwood 15 were eventually served and filed a "Notice of Motion and Defendants' Joinder in Motion to 16 Dismiss" [Doc. No. 93] on October 23, 2008. Plaintiff requested additional time to file his 17 Opposition to Defendants' Motion which was granted by the Court. Plaintiff filed his first 18 Opposition to Defendants' Motion on January 28, 2009 [Doc. No. 100]. Plaintiff later filed a 19 revised Opposition on January 30, 2009, to which Defendants have not objected, nor have 20 Defendants filed a Reply to any of Plaintiff's Oppositions. Accordingly, the Court will consider 21 the Opposition filed by Plaintiff on January 30, 2009 [Doc. No. 130] in deciding this matter.

22 **II.     Factual Background**

23 On August 28, 2005, there was a riot that occurred on "C-Facility" at Calipatria State 24 Prison. (*See* SAC at 9.) Warden Giurbino issued an order confining Plaintiff, as well as all 25 inmates housed on "A-Facility," to their cell even though the riot occurred in a different part of 26 the prison. (*Id.*) Warden Scribner, Chief Deputy Ochoa and Captain Greenwood continued this 27 lockdown on "A-Facility" from January 2006 to March 13, 2006. (*Id.*) On March 20, 2006,

28 _____

72.3(a).

-2-                                                                07cv0438

there was another lockdown order confining "A-Facility" inmates to their cells from March 20, 2006 to May 10, 2006 due to an "isolated assault on an officer from a white inmate on 'B-Facility.'" (*Id.*) Plaintiff alleges Defendants Scribner, Ochoa and Nelson implemented a policy that only allowed Plaintiff and other "A-Facility" inmates one and one-half hours of outdoor exercise per week from March 13, 2006 to July 13, 2006. (*Id.* at 10.) From July 13, 2006 to April 16, 2008, Plaintiff received four hours of outdoor exercise a week. (*Id.*) Plaintiff also lists several individual dates from May 15, 2006 to April 16, 2008 in which he claims he was denied outdoor exercise.

In addition, Plaintiff claims that he has a serious medical need relating to foot surgery he had in February of 2007 and he is currently waiting for surgery on his other foot. (*Id.* at 12.) As a result of this unspecified foot condition, Plaintiff was issued a "soft shoe chrono." (*Id.*) On September 7, 2005, Plaintiff claims Defendant Bass came to his cell and refused to permit Plaintiff to wear soft shoes to the shower. (*Id.*) Plaintiff claims he needed to wear his tennis shoes to the shower for support and the denial of his request caused him pain as he walked to the showers. (*Id.*)

Plaintiff claims that Defendant Zills "took [Plaintiff's] morning meals from him several times arbitrarily." (*Id.* at 13.) Plaintiff claims he was not disruptive and did not refuse his meals. (*Id.*) On April 7, 2006, Defendants Vargas and Ortiz searched Plaintiff's cell and "arbitrarily took [Plaintiff's] legal books, legal papers and universal adapter." (*Id.* at 14.) In addition, Plaintiff claims Defendant Scribner issued an order on April 6, 2006 authorizing correctional officers to "take personal underwear, socks and t-shirts from inmates" which was later rescinded. However, Plaintiff claims to have had some clothes taken pursuant to this directive that were never returned. (*Id.*)

**III.    Defendants' Motion to Dismiss Pursuant to FED.R.CIV.P. 12(b)(6)**

    **A.    FED.R.CIV.P. 12(b)(6) Standard of Review**

A motion to dismiss for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must

construe the complaint in the light most favorable to the plaintiff. *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The court looks not at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim, a complaint cannot be dismissed without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1129-30 (9th Cir. 2000) (en banc). Where a plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). And, while liberal construction is "particularly important in civil rights cases," *Ferdik*, 963 F.2d at 1261, "[t]he plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation omitted).

### B. Eleventh Amendment

Defendants seek dismissal of Plaintiff's claims for monetary damages to the extent that he is suing them in their "official capacity." (*See* Defs.' Mot. at 5; Defs.' Joinder at 2-3.). While the Eleventh Amendment bars a prisoner's section 1983 claims against a state actor sued in his official capacity, it does not bar damage actions against a state official sued in his personal or individual capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989). When a state actor is alleged to have violated both federal and state law and is sued for damages under section 1983 in his individual or personal capacity, there is no Eleventh Amendment bar, even if state law provides for indemnification. *Ashker v. California Dep't of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997). Here, Plaintiff, as he has done previously, brings this § 1983 suit against Defendants in their official and individual capacities. (*See* SAC at 4-8.)

Thus, the Court GRANTS Defendants' Motions to Dismiss on Eleventh Amendment grounds only to the extent that Plaintiff seeks damages against them in their official capacities without leave to amend.

///

### C.     Count One[2] - Eighth Amendment Outdoor Exercise Claim

Plaintiff alleges separate time frames in which he claims that he was denied adequate outdoor exercise. First, Plaintiff claims that he was completely deprived of outdoor exercise by Warden Giurbino from August 18, 2005 to January of 2006. (*See* SAC at 9.)  Thereafter, Defendants Scribner, Ochoa, Greenwood and Nelson are alleged to have continued the deprivation of outdoor exercise by allowing no exercise or only one and a half hours per week until July 13, 2006. From July 13 2006 Plaintiff contends that he has received four hours per week of outdoor exercise. (*Id.* at 9-10.)  To assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must satisfy two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994).

Plaintiff contends that the lockdown conditions imposed by Defendants constituted cruel and unusual punishment because Plaintiff was denied outdoor exercise for a period of eight months and then was allowed only limited outdoor exercise for nearly two years. (*See* SAC at 9-10.)  In *Spain*, the court stated that "regular outdoor exercise is extremely important to the psychological and physical well being of the inmates." *Spain v. Procunier*, 600 F.2d at 189, 192, 199-200 (9th. Cir.  1979).

While a temporary denial of outdoor exercise would not necessarily rise to the level of a constitutional violation, the Court finds that Plaintiff's allegations of an almost total deprivation of  outdoor exercise from August of 2005 to July 13, 2006 does meet the objective requirement for stating an Eighth Amendment claim. *See Lopez*, 203 F.3d at 1122. However, for the time period following July 13, 2006, Plaintiff's admission that he did receive four hours of weekly outdoor exercise does not meet the objective requirement.  Because Defendant Madden is the only named Defendant not alleged to have participated in the total deprivation of outdoor exercise from August 2005 to July 2006, the Court finds that Plaintiff has not adequately alleged an Eighth Amendment claim against Defendant Madden.

---

[2] Plaintiff brings several causes of action that are out of order numerically. The Court will consider each "count" in the order beginning on page 9 of the Second Amended Complaint.

-5-                                                      07cv0438

However, the Court does find that Plaintiff has alleged facts sufficient to meet the objective requirement of an Eighth Amendment claim as to Defendants Giurbino, Scribner, Ochoa and Nelson as these Defendants were alleged to be responsible for creating and implementing the orders that led to the complete deprivation of outdoor exercise for several months.

The subjective component of an Eighth Amendment claim "requires the prisoner to also allege facts which show that the officials had the culpable mental state, which is 'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Defendants argue that there were legitimate penological reasons for denial of outdoor exercise. Plaintiff argues in response that there were alternative methods that could have been used in order for him to have received the outdoor exercise. However, those are not issues that can be decided in a motion to dismiss. Thus, the Court finds that Plaintiff allegations that Defendants were aware of the long term deprivation of outdoor exercise is sufficient for the Court to find that Plaintiff has met the subjective requirement of an Eighth Amendment claim.

Defendant Madden's Motion to Dismiss Plaintiff's Eighth Amendment outdoor exercise claim is GRANTED pursuant to FED.R.CIV.P. 12(b)(6) without leave to amend. Defendants Giurbino, Scribner, Ochoa and Greenwood's Motion to Dismiss Plaintiff's Eighth Amendment outdoor exercise claims is DENIED for the time period prior to July 13, 2006 and GRANTED for the time period following July 13, 2006 without leave to amend.

**D.     Count 2- Eighth Amendment inadequate medical care claims**

Defendants also seek to dismiss Plaintiff's Eighth Amendment claims regarding deliberate indifference to a serious medical need. The Eighth Amendment's cruel and unusual punishment clause is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). As with Plaintiff's outdoor exercise claim, there is both an objective and a subjective component to an actionable Eighth Amendment inadequate medical care violation. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

///

The objective component is generally satisfied so long as the prisoner alleges facts to show that his medical need is sufficiently "serious" such that the "failure to treat [that] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Clement*, 298 F.3d at 904 (quotations omitted). However, the subjective component requires the prisoner to also allege facts which show that the officials had the culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." *Frost*, 152 F.3d at 1128.

Here, in liberally construing Plaintiff's Second Amended Complaint, Plaintiff does allege facts sufficient to show a serious medical need. While his Second Amended Complaint lacks factual clarity, Plaintiff alleges that he suffers from some foot condition that has required surgery and he has a chrono that permits him to wear soft sole shoes. The facts as alleged in the Second Amended Complaint suggest that Defendant Bass ignored Plaintiff's soft shoe chrono and told Plaintiff he had to walk to the showers without his "soft shoes." (*See* SAC at 12.) Plaintiff alleges that he "showed [Bass] the painful callouses on his feet" but Bass' refusal to allow him to wear his soft sole shoes required Plaintiff to walk "squarely on the center of his feet" to the showers to "avoid twisting or breaking his ankle." (SAC at 12.). These allegations are sufficient, at this stage, to make an Eighth Amendment claim.

The Court **DENIES** Defendant Bass' Motion to Dismiss Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim.

**E.     Count 3 - Eighth Amendment claim against Defendant Zill**s

In his First Amended Complaint, Plaintiff alleged that Defendant Zills was retaliating against him when Zills refused to feed Plaintiff on several occasions. (*See* FAC at 10.) The Court granted Defendants' Motion to Dismiss Plaintiff's retaliation claims against Defendant Zills for failing to state a claim upon which relief could be granted pursuant to FED.R.CIV.P. 12(b)(6). (*See* Mar. 5, 2008 Order at 13.) Now, in Plaintiff's Second Amended Complaint, he claims that Defendant Zills "took [Plaintiff's] morning meals (breakfast) from him several times arbitrarily" in violation of his Eighth Amendment rights. (SAC at 13.)

/ / /

Defendants move to dismiss this claim on the grounds that "brief denials of food fail to rise to the level of a constitutional claim." (Defs. Mot. at 19.) Adequate food is a basic human need protected by the Eighth Amendment. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). However, prison food need only be "adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).

The Ninth Circuit has recently held that the "sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." *See Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009). Here, Plaintiff's Second Amended Complaint fails to allege sufficient facts from which this Court can determine whether Plaintiff has stated an Eighth Amendment claim. In *Foster*, the Court found that the plaintiff was able to demonstrate that he was harmed when he was repeatedly denied meals over a three-week period. *Id.* at 813. In Plaintiff's Second Amended Complaint, he alleges that he was denied breakfast "several times" but alleges no harm as a result of this denial of meals. A few instances of missing a meal does not rise to the level of "sustained deprivation" found in *Foster*. *Id.; see also LeMaire*, 12 F.3d at 1456.

Defendant Zills' Motion to Dismiss Plaintiff's Eighth Amendment claims is GRANTED pursuant to FED.R.CIV.P. 12(b)(6) with leave to amend.

**F.     Count 4 - Fourteenth Amendment Property Claims**

Defendants seek dismissal of Plaintiff's Fourteenth Amendment due process claims that he was deprived of his property. In his Second Amended Complaint, Plaintiff alleges that Defendants Vargas and Franklin searched his cell and removed his "legal books, legal papers and universal adapter." (SAC at 14.) In addition, Plaintiff claims that Defendant Scribner was responsible for a policy that caused him to be deprived of some underwear, socks and t-shirts. (*Id.*)

To the extent that Plaintiff is attempting to bring a Fourteenth Amendment due process claim relating to the unauthorized deprivation of his property, such a claim will not state a federal cause of action under § 1983 if the plaintiff has an adequate post-deprivation state remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act

("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Here, Plaintiff has an adequate state post-deprivation remedy. Thus, Defendants Vargas, Ortiz and Scribner's Motion to Dismiss Plaintiff's Fourteenth Amendment property claims is GRANTED pursuant to FED.R.CIV.P. 12(b)(6) without leave to amend.[3]

### G. Count 5 - Fourteenth Amendment Equal Protection Claims

Plaintiff alleges Defendants Scribner, Ochoa, Bourland, Nelson, Greenwood and Madden denied him equal protection under the laws when they denied him "the same amount of fresh air and recreation as inmates of the same custody level and the same privilege group." (SAC at 15.) Plaintiff brought these claims in his First Amended Complaint as well. In their previous Motion to Dismiss, Defendants moved for dismissal of these claims on the grounds that Plaintiff had not exhausted these claims prior to filing this action. This Court found that Defendants had submitted declarations indicating that Plaintiff did not file any grievance alleging that "members of a different work group had better access to the recreational yard." (*See* Mar. 5, 2008 Order at 6.) Plaintiff did not offer any documentation to rebut Defendants' evidence in support of their previous motion. Thus, Plaintiff's claims of equal protection based on the same facts alleged in his Second Amended Complaint have already been dismissed for failing to exhaust his administrative remedies. (*Id.* at 6, 15). Moreover, Plaintiff admits in his Opposition to the current motion that he did not initiate the administrative appeal for his equal protection claims until February 22, 2008, well after he initiated this action. (*See* Pl.'s Opp'n dated Jan. 20, 2009 at 6.) There are no new facts presented by Plaintiff to overcome the Court's prior decision dismissing his equal protection claims for failure to exhaust his administrative remedies prior to filing this action.

///

---

[3] Even if the Court were to liberally construe Plaintiff's allegations of losing his legal papers as a violation of his access to courts, he has failed to state a claim. Plaintiff alleges no claims from which the Court could find that he has suffered an "actual injury." To establish a violation of the right to access to the courts a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

Therefore, Defendants Scribner, Ochoa, Bourland, Nelson, Greenwood and Madden's Motion to Dismiss Plaintiff's Fourteenth Amendment Equal Protection claims is GRANTED pursuant to FED.R.CIV.P. 12(b) without leave to amend. However, this dismissal is without prejudice to Plaintiff re-filing these claims in a separate action after he has properly exhausted his available administrative remedies.

### H. Count 6 - Eighth and Fourteenth Amendment claims against Defendants Trujillo and Haley

In Plaintiff's Second Amended Complaint, he alleges that Defendants Trujillo and Haley violated his Eighth and Fourteenth Amendment due process rights when they allegedly refused to allow Plaintiff to work in his prison job. (SAC at 16.) Plaintiff also alleges that by not allowing him to work, he was confined in his cell and deprived of "fresh air and recreation." (*Id.*)

The Due Process Clause of the Fourteenth Amendments protects persons from the deprivation of their life, liberty and property without due process of law, and has both procedural and substantive components. *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). Plaintiff is unable to demonstrate a due process violation unless he can identify "a liberty or property interest protected by the constitution" of which he was deprived. *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000). The Ninth Circuit has held that "the Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment.'" *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986). Plaintiff is unable to demonstrate either a liberty or property interest in his prison employment arising directly under the Fourteenth Amendment. Defendants Trujillo and Haley's Motion to Dismiss Plaintiff's Fourteenth Amendment due process claims is GRANTED pursuant to FED.R.CIV.P. 12(b)(6) without leave to amend.

To the extent that Plaintiff is attempting to state an Eighth Amendment claim for periodic deprivation of outdoor exercise as a result of Trujillo and Haley's actions, he has also failed to state a claim. It is not clear from the Second Amended Complaint whether this was a periodic deprivation of outdoor exercise or a total deprivation over a long period of time. Thus,

Defendants Trujillo and Haley's Motion to Dismiss Plaintiff's Eighth Amendment claims is GRANTED pursuant to FED.R.CIV.P. 12(b)(6) with leave to amend. If Plaintiff chooses to amend this claim, he must plead facts sufficient to state an Eighth Amendment claim as set forth in detail above.

### I.     Count 7 - Retaliatory Actions/Violations of First, Eighth and Fourteenth Amendments

In this Count, Plaintiff describes a number of incidents that began *after* he filed this initial action on March 3, 2007. (*See* SAC at 17-24.) Plaintiff claims that he is being subjected to retaliation by various Defendants, including some that have not been served in this action, as a result of filing this action. (*Id.*) All the dates for each claim found in Count 7 follow the filing of this action. The Prison Litigation Reform Act ("PLRA") provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Ninth Circuit has made clear that Plaintiff cannot bring claims that are not exhausted prior to filing the action. *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (finding that prisoner's civil rights action must be dismissed without prejudice unless prisoner exhausted available administrative remedies *before* he filed suit, even if he fully exhausts while the suit is pending).

Defendants' Motion to Dismiss Plaintiff's unexhausted claims found in Count 7 of his Second Amended Complaint, *see* SAC at 17-24, is GRANTED pursuant to FED.R.CIV.P. 12(b) without leave to amend in this action. However, this dismissal is without prejudice to permit Plaintiff to re-file these claims in a separate action once he has properly exhausted his available administrative remedies.

### J.     Count 8 - Access to the Courts and Eighth Amendment Claims

Plaintiff claims that Defendant Bell has denied him access to the courts by refusing to process his administrative grievances. (*See* SAC at 25.) As the Court informed Plaintiff in its previous Order, prison officials who deliberately interfere with the transmission of a prisoner's legal papers, or deny him access to a legitimate means to petition for redress for the purpose of

thwarting his litigation may violate the prisoner's constitutionally protected right to access to the court. (See Mar. 5, 2008 Order at 14 citing *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996)). The Ninth Circuit has also held that the "right of meaningful access to the courts extends to established prison grievance procedures." *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). However, in order to state a claim for denial of access to the courts, Plaintiff must allege a specific "actual injury" involving a nonfrivolous legal claim. *See Lewis*, 518 U.S. at 351-55.

Plaintiff's attempt to describe an "actual injury" falls short of the pleading requirements to state an access to courts claim. Plaintiff refers to Defendant Bell obstructing his attempts to file grievances relating to the alleged deprivation of outdoor exercise claims and a deliberate indifference claim against Defendant Bass for the incident described in Count 2 of Plaintiff's Second Amended Complaint. Neither of these claims have been dismissed by this Court due to Plaintiff's alleged difficulties with the inmate administrative grievance process. Thus, the Court GRANTS Defendant Bell's Motion to Dismiss Plaintiff's Count 8 access to courts claim with leave to amend pursuant to FED.R.CIV.P. 12(b)(6).

In addition, Plaintiff is alleging his Eighth Amendment rights have been violated by Defendant Bell but provides very little factual allegations to support an Eighth Amendment claim. Plaintiff refers to his foot condition and the pain he suffers when he is unable to "wear his medically clearance shoes." (SAC at 25.) If Plaintiff is seeking to state an Eighth Amendment claim relating to this medical condition and actions by prison officials which he claims rise to the level of deliberate indifference, he must comply with the pleading standards for an Eighth Amendment claim as set forth above.

Defendant Bell's Motion to Dismiss Plaintiff's Count 8 Eighth Amendment deliberate indifference to serious medical need claim is GRANTED pursuant to FED.R.CIV.P. 12(b)(6) with leave to amend.

**IV.     Defendant's Motion to Strike pursuant to FED.R.CIV.P. 12(f)**

Finally, Defendants move to strike Plaintiff's request for punitive damages pursuant to FED.R.CIV.P. 12(f).

///

### A. Standard of Review

Under Rule 12(f), a party may move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Motions to strike are generally disfavored. *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998). However, a motion to strike may be granted when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

### B. Punitive Damages

"Punitive damages are available against individual ... officers in a § 1983 claim where the officer's 'conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Dubner v. City and County of San Francisco*, 266 F.3d 959, 969 (9th Cir. 2001) (citing *Smith v. Wade*, 461 U.S. 30, 56 1986)). "[B]ecause the state of mind required to prove a section 1983 violation [i]s as high as that required to sustain a punitive damage award at common law, a plaintiff who satisfie[s] the former standard necessarily satisfie[s] the latter." *Ngo v. Reno Hilton Resort Corp.* 140 F.3d 1299, 1302 (9th Cir. 1998) (citing *Smith*, 461 U.S. at 55-56)). Because the Court has found that Plaintiff has alleged facts relating to the Defendants alleged "deliberate indifference" in violation of his Eighth Amendment rights in his outdoor exercise and soft shoe claim, the Court finds that Plaintiff's Second Amended Complaint alleges facts sufficient to show the "evil motive or intent" or "reckless or callous indifference" required to support an award for punitive damages. *Dubner*, 266 F.3d at 969.

Therefore, Defendants' Motion to Strike Plaintiff's prayer for punitive damages pursuant to FED.R.CIV.P. 12(f) is DENIED.

/ / /

/ / /

## V. Conclusion

For all the reasons set forth above, the Court hereby:

(1) **GRANTS** Defendants' Motion to Dismiss [Doc. Nos. 85, 93] to the extent Plaintiff seeks monetary damages against them in their official capacity pursuant to FED.R.CIV.P. 12(b)(6) without leave to amend;

(2) **GRANTS** Defendant Madden's Motion to Dismiss [Doc. Nos. 85, 93] Plaintiff's Count 1 Eighth Amendment outdoor exercise claims pursuant to FED.R.CIV.P. 12(b)(6) without leave to amend;

(3) **DENIES** Defendants Giurbino, Scribner, Ochoa and Greenwood's Motion to Dismiss Plaintiff's Eighth Amendment outdoor exercise claims for the time period prior to July 13, 2006 and **GRANTS** Defendants Giurbino, Scribner, Ochoa and Greenwood's Motion to Dismiss Plaintiff's Eighth Amendment outdoor exercise claims for the time period following July 13, 2006 without leave to amend.

(4) **DENIES** Defendants Bass' Motion to Dismiss [Doc. Nos. 85, 93] Plaintiff's Count 2 Eighth Amendment deliberate indifference to serious medical needs claim;

(5) **GRANTS** Defendants Zills' Motion to Dismiss [Doc. Nos. 85, 93] Plaintiff's Count 3 Eighth Amendment claims pursuant to FED.R.CIV.P. 12(b)(6) with leave to amend;

(6) **GRANTS** Defendants Scribner, Vargas and Ortiz's Motion to Dismiss [Doc. Nos. 85, 93] Plaintiff's Count 4 Fourteenth Amendment property claims pursuant to FED.R.CIV.P. 12(b)(6) without leave to amend;

(7) **GRANTS** Defendants Scribner, Ochoa, Bourland, Nelson, Greenwood and Madden's Motion to Dismiss [Doc. Nos. 85, 93] Plaintiff's Count 5 Fourteenth Amendment Equal Protection claims without leave to amend pursuant to FED.R.CIV.P. 12(b) but also without prejudice to re-file in a separate action after properly exhausting Plaintiff's administrative remedies;

(8) **GRANTS** Defendants Trujillo and Haley's Motion to Dismiss [Doc. Nos. 85, 93] Plaintiff's Count 6 Fourteenth Amendment claims pursuant to FED.R.CIV.P. 12(b)(6) without leave to amend;

1     (9)   **GRANTS** Defendants Trujillo and Haley's Motion to Dismiss [Doc. Nos. 85, 93] Plaintiff's Count 6 Eighth Amendment claims pursuant to FED.R.CIV.P. 12(b)(6) with leave to amend;

    (10)   **GRANTS** Defendants' Motion to Dismiss [Doc. Nos. 85, 93] Plaintiff's Count 7 First, Eighth and Fourteenth Amendment claims for failing to exhaust administrative remedies pursuant to FED.R.CIV.P. 12(b) without leave to amend but without prejudice to re-file in a separate action after properly exhausting his administrative remedies. Because the claims found in Count 7 are the only claims against unserved Defendants Arias, Davis, Hopper and Maciel, these Defendants are **DISMISSED** from this action without prejudice.

    (11)   **GRANTS** Defendant Bell's Motion to Dismiss [Doc. Nos. 85, 93] Plaintiff's Count 8 Access to Courts claim pursuant to FED.R.CIV.P. 12(b)(6) with leave to amend;

    (12)   **GRANTS** Defendant Bell's Motion to Dismiss [Doc. Nos. 85, 93] Plaintiff's Count 8 Eighth Amendment claims pursuant to FED.R.CIV.P. 12(b)(6) with leave to amend; and

    (13)   **DENIES** Defendants' Motion to Strike Plaintiff's Request for Punitive Damages pursuant to FED.R.CIV.P. 12(f)

**IT IS FURTHER ORDERED that**:

Plaintiff has thirty (30) days from the entry of this Order to file a Third Amended Complaint. The Court will not consider any extensions of time based on claims that Plaintiff requires additional law library time because Plaintiff does not need to conduct additional legal research in order to prepare the Third Amended Complaint. The Court will consider extensions of time only upon a showing of exceptional circumstances. He may amend only as to those claims the Court has permitted him leave to amend. If Plaintiff chooses to file a Third Amended Complaint it must be complete in itself without reference to his previous Complaints. Defendants not named and all claims not re-alleged in the Third Amended Complaint will be deemed to have been waived.

Plaintiff can also choose not to file a Third Amended Complaint and instead this action can go forward on the remaining claims. If Plaintiff chooses this option, he has thirty (30) days to file a Statement indicating his desire to move forward with the remaining causes of action

found in his Second Amended Complaint.

Defendants shall file an Answer within twenty (20) days from the filing of the Statement of intention to proceed with the remaining claims found in Plaintiff's Second Amended Complaint or the filing of Plaintiff's Third Amended Complaint, whichever comes first. No further motions to dismiss will be permitted. Defendants may raise any such arguments in a motion for summary judgment.

**IT IS SO ORDERED**.

DATED: March 16, 2009

_____
Honorable Barry Ted Moskowitz
United States District Judge